Case 2:19-cv-06790-JMA   Document 4   Filed 02/01/21   Page 1 of 3 PageID #: 17

FILED
CLERK

2/1/2021 4:51 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FEIGE S. ZARETSKY,

             Appellant,

  -against-

HAROLD ZARETSKY ET AL.,

             Appellees.
---------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-6790 (JMA)

**AZRACK, United States District Judge:**

    On December 3, 2019, pro se appellant Feige Zaretsky ("Appellant") filed an appeal from an Order of the United States Bankruptcy Court for the Eastern District of New York. On December 17, 2019, the bankruptcy record was received by this Court and notice was provided to all parties. The parties were directed to follow a briefing schedule as set forth in Federal Rule of Bankruptcy Procedure 8018. Specifically, Appellant was directed to serve and file a brief within 30 days of the notice. (ECF No. 3.) A copy of the notice was mailed to the Appellant. Appellant failed to file a brief. On January 12, 2021 this Court issued an order directing Appellant to serve and file her brief by January 22, 2021. Appellant was warned that failure to file her brief may result in dismissal of the action for failure to prosecute. (Electronic Order, 1/12/2021.) A copy of the order was mailed to Appellant at the address listed on the docket sheet.

    To date, Appellant has not filed her brief or otherwise communicated with the Court.

    A district court has the power to dismiss a bankruptcy appeal for failure to prosecute sua sponte. See Fetman v. Aish Hatorah of N.Y. Inc., No. 17-CV-01247, 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (collecting cases). Although the time limitations of the Bankruptcy Rules "are not jurisdictional" and "the district court is not required automatically to dismiss the appeal

of a party who has failed to meet those deadlines," the Second Circuit instructs that "the [district] court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." Id. (quoting Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.), 835 F.2d 54, 56 (2d Cir. 1987) (per curiam)). Courts in this Circuit look to several facts when weighing dismissal in this context. They include "bad faith, negligence, and indifference." Tampa Chain, 835 F.2d at 56. Other factors include "1) the duration of [appellant's] failures or non-compliance; 2) whether [appellant] had notice that such conduct would result in dismissal; 3) whether prejudice to the [appellee] is likely to result"; 4) the balance of the court's "interest in managing its docket against [appellant's] interest in receiving an opportunity to be heard;" and 5) "the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000) (citations omitted).

Appellant has not filed a brief for more than 13 months after the due date and has not responded to the Court's January 12, 2021 order that specifically warned of dismissal for failure to prosecute. Appellant has failed to communicate with the Court since the filing of the bankruptcy record in December 2019 and has offered no excuse for her failure to prosecute. Therefore, dismissal is warranted. See Tampa Chain, 835 F.2d at 56 (finding that dismissal for failure to prosecute was appropriate where appellant had not filed a brief seven months after the due date and had offered no explanation or excuse for failure to file after the court inquired); see also Motors Liquidation Co., No. 19-CV-6668, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020) (dismissing for failure to prosecute and finding appellant's conduct amounted to bad faith where appellant had not filed a brief for more than three months after the due date and had not otherwise responded to the court's multiple orders).

Accordingly, this case is dismissed for failure to prosecute, and the Clerk of Court is directed to close this case and mail a copy of this Order to Appellant.

**SO ORDERED.**

Dated: February 1, 2021
Central Islip, New York

                                                                                              /s/ JMA
                                                                                         JOAN M. AZRACK
                                                                                         UNITED STATES DISTRICT JUDGE